Dec. 6544, that export value, as defined in section 402 (d) of the Tariff Act of 1930, was the proper basis for the determination of the value of the instant merchandise and that such values were the appraised values, less the addition made by the importer on entry because of advances by the appraiser in similar cases. There was no appeal from the judgment entered in conformity with said decision.

This appeal is before me at this time by reason of the fact that on January 17, 1949, the collector sent the importer another notice of appraisement by which the importer was notified that the appraised value exceeded the entered value.

When the instant appeal was called for hearing, counsel for both parties moved for a dismissal thereof. In support of said motion, counsel for plaintiff asserted that:

Now, it is the contention of the importer first, that the question of the dutiable value of this merchandise is res adjudicata, there having been a decision and judgment of this court already made. Second, that this second notice of appraisement from which the instant appeal was filed was erroneously issued and is illegal and void and should be cancelled or withdrawn. Third, that since it was an illegal notice, the instant appeal should also be dismissed, and fourth, that the entry should proceed to liquidation where any dispute as to the amount of the appraised value can be raised by protest.

The motion of counsel for the Government was predicated upon the sole ground that the case has been previously decided.

In view of the foregoing, the motion to dismiss this appeal is granted. Judgment will be entered accordingly.

JAEGER WATCH CO. ET AL. *v.* UNITED STATES

No. 7888.

Entry No. 713959, etc.

(Decided September 29, 1950)

*Lane, Young & Fox (William H. Fox* of counsel) for the plaintiffs.
*David N. Edelstein,* Assistant Attorney General, for the defendant.

LAWRENCE, Judge: It has been agreed between the parties hereto that the issues herein relating to the merchandise the subject of these appeals are the same in all material respects as those decided in *United States* v. *Gothic Watch Co.,* 23 Cust. Ct. 235, Reap. Dec. 7712, affirming the judgment in *Gothic Watch Co.* v. *United States,* 19 Cust. Ct. 309, Reap. Dec. 7438, and that the record in Reap. Dec. 7712, *supra,* may be incorporated herein.

Upon the agreed facts, I find that the attempted appraisement embodied in the second return of value by the appraiser of the merchandise covered by each of the appeals for reappraisement enumerated in the annexed schedule, which is marked "A" and made a part of this decision, was illegal, null, and void, and that the appraiser's original return of value in each case, as reported by him to the collector of customs, constituted his appraisal of the merchandise pursuant to section 500 of the Tariff Act of 1930 (19 U. S. C. § 1500), and was final and conclusive in the absence of any appeal pursuant to section 501 of said act (19 U. S. C. § 1501).

Judgment will be entered accordingly.

GOTHAM WATCH CO. ET AL. v. UNITED STATES

No. 7889.

Entry No. 719746, etc.

(Decided October 2, 1950)

*Lane, Young & Fox* (*William H. Fox* of counsel) for the plaintiffs.
*David N. Edelstein*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: It has been agreed between the parties hereto that the issues herein relating to the merchandise the subject of these appeals are the same in all material respects as those decided in *United States* v. *Gothic Watch Co.*, 23 Cust. Ct. 235, Reap, Dec. 7712, affirming the judgment in *Gothic Watch Co.* v. *United States*, 19 Cust. Ct. 309, Reap. Dec. 7438, and that the record in Reap. Dec. 7712, *supra*, may be incorporated herein.

Upon the agreed facts, I find that the attempted appraisement embodied in the second return of value by the appraiser of the merchandise covered by each of the appeals for reappraisement enumerated in the annexed schedule, which is marked "A" and made a part of this decision, was illegal, null, and void, and that the appraiser's original return of value in each case, as reported by him to the collector of customs, constituted his appraisal of the merchandise pursuant to section 500 of the Tariff Act of 1930 (19 U. S. C. § 1500), and was final and conclusive in the absence of any appeal pursuant to section 501 of said act (19 U. S. C. § 1501).

Judgment will be entered accordingly.